ISMAIL J. RAMSEY (CABN 189820)
United States Attorney

THOMAS A. COLTHURST (CABN 99493)
Chief, Criminal Division

NOAH STERN (CABN 297476)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7200
    FAX: (415) 436-7234
    Noah.Stern@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | **CASE NO. CR 20-275 HSG** |
| Plaintiff, ) | **GOVERNMENT'S SUPPLEMENTAL SENTENCING MEMORANDUM** |
| v. ) | |
| RAUL ACOSTA, ) | Sentencing Date: June 7, 2023 <br> Time: 2:00 p.m. <br> Judge: Hon. Haywood S. Gilliam, Jr. |
| Defendant. ) | |

    The United States submitted a sentencing memorandum in this case on August 5, 2021 in advance of Raul Acosta's then-scheduled August 12, 2021 sentencing. Dkt. 75. That sentencing memorandum sets forth the nature of Mr. Acosta's offense, his criminal history, much of the procedural history of this case, and the applicable sentencing guidelines calculation.[1] *Id.* at 2-5. After sentencing memoranda were submitted, Mr. Acosta's sentencing hearing was continued until the Court ultimately referred Mr. Acosta to the Court's Conviction Alternatives Program ("CAP"). Dkt. 80, 83, 87, 92, 95, 96. Although Mr. Acosta incurred violations during his participation in CAP, he completed the CAP

---

[1] The United States incorporates these sections of its prior sentencing memorandum herein.

GOV'T SUPP. SENTENCING MEM.
CR 20-275 HSG
    1

program on May 19, 2023.  Second Revised Presentence Investigation Report ¶¶ 17-18.  In light of Mr. Acosta's completion of CAP, the United States withdraws its previous sentencing recommendation and is prepared to submit this matter to the Court's discretion for an appropriate sentence that is sufficient but not longer than necessary to meet the sentencing objectives set forth in 18 U.S.C. § 3553(a).

However, if the Court determines that an additional term of custody is not warranted, the United States recommends a sentence of probation as opposed to supervised release.  A probation sentence will leave the Court with the full range of sentencing options if Mr. Acosta commits any serious violations of his conditions.  It is appropriate for the Court to retain those options given the facts and circumstances of this case and Mr. Acosta's criminal history.

The United States also requests that the Court impose the following suspicionless search condition:

> The defendant shall submit his person, residence, office, vehicle, electronic devices and their data (including cell phones, computers, and electronic storage media), and any property under defendant's control to a search.  Such a search shall be conducted by a United States Probation Officer or any federal, state, or local law enforcement officer at any time, with or without suspicion.  Failure to submit to such a search may be grounds for revocation; the defendant shall warn any residents that the premises may be subject to searches

This search condition is warranted given Mr. Acosta's significant criminal history, numerous violations of criminal supervision, and the risk that he will reoffend.  It is necessary to deter Mr. Acosta's criminal conduct, allow detection of any criminal conduct he engages in, and to encourage his rehabilitation.  *See United States v. Cervantes*, 859 F.3d 1175, 1184 (9th Cir. 2017).  Further, given the ubiquity of smartphones and electronic devices in today's world, if Mr. Acosta chooses to rearm himself with a firearm, he likely will use an electronic device in furtherance of such criminal conduct.  Thus, the search condition should also apply to electronic devices.

DATED:  May 31, 2023                                              Respectfully submitted,

ISMAIL J. RAMSEY
United States Attorney


 /s/ Noah Stern
NOAH STERN
Assistant United States Attorney